CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 12 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CYNTHIA L. LEGG,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　) Civil Action No. 5:08CV00054
　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　) **MEMORANDUM OPINION**
　　　　　　　　　　　　　　　　　　　)
MICHAEL J. ASTRUE,　　　　　　　　　　)
Commissioner of Social Security,　　　) By:　Hon. Glen E. Conrad
　　　　　　　　　　　　　　　　　　　)　　　United States District Judge
　　　Defendant.　　　　　　　　　　　)

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Cynthia L. Legg, was born on June 16, 1960, and eventually completed her high school education. Mrs. Legg has been employed as a line leader in the poultry industry and as a set-up operator in the beer manufacturing industry. The Commissioner found that plaintiff last worked on a regular and sustained basis in 2004. On July 18, 2006, Mrs. Legg filed an application for a period of disability and disability insurance benefits. In filing her application, plaintiff alleged that she became disabled for all forms of substantial gainful employment on September 20, 2004, due

to fibromyalgia, bilateral trochanteric bursitis, plantar fasciitis, depression, chronic fatigue, and cervical disc disease. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Legg met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See 42 U.S.C. § 423.

Mrs. Legg's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 30, 2007, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Legg suffers from fibromyalgia, peripheral neuropathy, and cervical disc disease. Because of these conditions, the Law Judge held that plaintiff is disabled for both of her past relevant work roles. The Law Judge made findings as to Mrs. Legg's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work except that she can only lift and carry 10 pounds and sit four to six hours during an eight-hour workday. She requires the ability to alternate between the sitting and standing positions (sit/stand option) at her option during the day. She is confined to moderate degree of repetitive taskings that require gripping, feeling and fingering. Moreover, she is precluded from lifting above the shoulder height and is limited in her ability to bend, stoop, crouch and crawl. Lastly, the claimant experiences pain of sufficient severity to be noticeable to her at all times but she nevertheless is able to be attentive to and carry out her assigned duties.

(TR 19). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mrs. Legg retains sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted

2

as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Legg has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record reflects treatment for peripheral neuropathy, cervical disc disease, depression, and sleep disorder. Several doctors have also indicated that Mrs. Legg suffers from fibromyalgia. However, there is some dispute in the medical record as to whether plaintiff's condition warrants a diagnosis of fibromyalgia and, in any event, it is abundantly clear that this condition has not progressed to a debilitating level of severity. The medical record further reflects that plaintiff's sleep disorder has improved with treatment. While Mrs. Legg has been treated for depression, considered to be situational in origin, there is no indication that she has required intensive psychiatric or psychological intervention. Plaintiff's cervical disc problems result in significant discomfort and radiation into her extremities. However, the court believes that the Administrative Law Judge gave plaintiff the benefit of the doubt in concluding that she is limited to sedentary work roles in which she is not required to lift more than

3

10 pounds, and which permit her to sit or stand at will. Considering all of the medical reports and lay testimony developed in this case, the court must conclude that there is substantial evidence to support the Commissioner's finding that Mrs. Legg is not disabled for all forms of regular work activity. It follows that the final decision of the Commissioner must be affirmed.

On appeal to this court, plaintiff offers several arguments in support of her assertion that the Administrative Law Judge erred in assessing her claim for benefits. Plaintiff maintains that the Law Judge considered each of her medical impairments individually, but failed to assess their combined impact. While it is true that the synergistic effect of the plaintiff's impairments must be considered in a disability evaluation, the court believes that the Law Judge's findings as to residual functional capacity evince consideration of all of the exertional and nonexertional impairments in Mrs. Legg's case. The Law Judge relied on the reports from several state agency physicians in which the combined impact of plaintiff's impairments was considered.[1] Moreover, none of the medical sources in this case, including plaintiff's treating physicians, suggested that Mrs. Legg is totally disabled for all forms of work activity. The court believes that the Administrative Law Judge reasonably determined that plaintiff retains sufficient functional capacity for a some forms of work activity, despite her combination of impairments.

Mrs. Legg also contends that the Law Judge failed to give proper consideration to her depression and sleep disorder. However, as previously noted, both conditions have proven subject to control through reasonable medical treatment. Plaintiff's depression has been treated by her family physicians, and has not proven so resistant to appropriate medication as to necessitate psychiatric or psychological intervention. Indeed, several of the medical reports reflect that

---

[1] In passing, the court notes that the state agency physicians produced physical findings which suggest residual functional capacity for up to light exertion.

4

Case 5:08-cv-00054-GEC   Document 13   Filed 02/12/09   Page 4 of 6   Pageid#: 43

antidepressive medication has proven somewhat successful in controlling plaintiff's symptoms. As for Mrs. Legg's sleep disorder, Dr. William F. Cale, a sleep specialist, noted that her daytime sleepiness has improved with the administration of medication. (TR 816). In short, the court must conclude that plaintiff's nonexertional impairments are not so severe as to affect her performance of exertional activity for which she is otherwise physically capable.

Finally, plaintiff argues that the Administrative Law Judge gave little weight to her testimony regarding the extent of her functional restriction. Mrs. Legg testified at the administrative hearing that she takes medication which helps but does not eliminate her pain. (TR 37). She is able to take care of her children and clean up her house, although she is not able to do any bending. (TR 38-40). When she experiences discomfort, she sits down to relieve her pain. (TR 41). She is able to sit for about 20 or 30 minutes before she must change position. (TR 43). She tries not to nap during the day because of her sleep disorder. (TR 47). She prepares meals and dusts. (TR 52). Mrs. Legg enjoys gardening. (TR 53).

Having reviewed the lay testimony, the court must agree that there is substantial evidence to support the Law Judge's finding that Mrs. Legg's subjective complaints are not so severe as to affect her performance of sedentary levels of activity in which she is permitted to sit or stand at will. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). In this particular case, the court does not believe that plaintiff's description of her current level of activity is inconsistent with the notion that she can perform certain restricted types of sedentary work activity. The court is unable to conclude that the Law Judge erred in assessing Mrs. Legg's testimony.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 11th day of February, 2009.

/s/ Glen Conrad
United States District Judge